IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANDRE JAMES USSERY                                                    PETITIONER
ADC #119994

V.                              5:14-cv-00225-KGB-JTK

WENDY KELLEY, Director,                                               RESPONDENT
Arkansas Department of Correction[1]


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include

---

[1] Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this action.

the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## AMENDED DISPOSITION

Petitioner Andre James Ussery, an inmate at the Arkansas Department of Correction, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) For the following reasons, the Court recommends the district court deny Mr. Ussery's petition.

I. PROCEDURAL HISTORY

On September 18, 2012, Mr. Ussery pleaded guilty in the Pulaski County Circuit Court to a total of eleven counts of aggravated robbery from four cases. (Doc. No. 17-1.)

The court sentenced Mr. Ussery to serve forty years in the Arkansas Department of Correction ("ADC"), with fifteen years of that sentence suspended. (*Id.*). At the hearing during which Mr. Ussery pleaded guilty, the prosecutor stated on the record that Mr. Ussery "has a terrorist act of kidnapping so he's not eligible for parole. He's been informed of that, so it's forty years with fifteen years suspended imposition of sentence, with twenty-five years to serve." (Doc. No. 25-1 at 5.) The court asked Mr. Ussery if he agreed to that sentence, to which Mr. Ussery replied, "Yes, sir." (*Id.* at 6.)

On June 20, 2013, Mr. Ussery filed a "Petition for Correction or Reduction of Sentence Pursuant to Ark. Code Ann. § 16-90-111(a)" in the Pulaski County Circuit Court. (Doc. No. 17-2.) In it, he argued that his attorney represented to him before pleading guilty that he would be eligible for release on parole after serving half of the twenty-five years at most, and it would be possible that he would be eligible for release on parole after six or seven years. (*Id.* at 4.) He asked the court to modify his sentence to make him eligible for parole after serving twelve-and-a-half years. (*Id.* at 6.)

On October 23, 2013, the court denied Mr. Ussery's petition. (Doc. No. 17-3.) It held that the Arkansas Supreme Court had declared Arkansas Code Annotated Section 16-90-111 superceded by Arkansas Rule of Criminal Procedure 37 ("Rule 37") in *Harris v. State*, 887 S.W.2d 514 (1994). (*Id.* at 1.) Because Mr. Ussery sought relief that was cognizable under Rule 37, the court treated his petition as a Rule 37 petition for post-conviction release. (*Id.* at 2.) Since Rule 37 petitions have a ninety-day statute of limitations, the court dismissed Mr. Ussery's petition as untimely. (*Id.*). On April 24,

3

2014, the Arkansas Supreme Court affirmed the dismissal of Mr. Ussery's claim. (Doc. No. 17-4.)

On June 6, 2014, Mr. Ussery filed this petition for a writ of habeas corpus. (Doc. No. 2.) In his petition, Mr. Ussery asserts three grounds for relief: (1) the Rule 37 court abused its discretion by dismissing Mr. Ussery's petition; (2) a due process and equal protection violation because his counsel was ineffective; and (3) failure of the Arkansas state courts to rule on the merits on his petition to correct an illegal sentence. (Doc. No. 2 at 5-8.) On November 5, 2014, the Director of the ADC ("Director") filed a response brief, alleging Mr. Ussery's petition was not timely. (Doc. No. 17.) On November 14, 2014, Mr. Ussery filed a reply to the Director's response. (Doc. No. 18.)

II.   ANALYSIS

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.* A prisoner must file the writ of habeas corpus within one year after the judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review" unless one of the statutory exceptions apply. 28 U.S.C. § 2244(d)(1) (2006). While a properly-filed application for State post-conviction relief or other collateral review is pending, the time "shall not be counted toward any period of limitation under this subsection." *Id.* at (d)(2).

Even when the statutory exceptions do not apply to a petitioner's claim, the statute of limitations for filing a petition for a writ of habeas corpus can be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A "petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 549 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Ussery's claims are barred by the statute of limitations. The state court filed the judgment from Mr. Ussery's conviction on September 24, 2012. (Doc. No. 17-2 at 2.) From that date, Mr. Ussery had thirty days to file an appeal in the state court before the statute of limitations began running. *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (holding that a petitioner still has thirty days from the date the state court judgment becomes final even if he waived his right to appeal). Therefore, Mr. Ussery had until October 25, 2013, to file his petition for a writ of habeas corpus. Mr. Ussery did not do so until June 6, 2014, making his petition untimely.

In his petition, Mr. Ussery argues that the statute of limitations would not run until after the Arkansas Supreme Court denied his Rule 37 petition pursuant to 28 U.S.C. § 2244(d)(2). (Doc. No. 2 at 9.) However, this provision only applies to "properly filed" applications for State collateral review. 28 U.S.C. § 2244(d)(2) (2006). Since Mr. Ussery's Rule 37 petition was not timely, it was not properly-filed. *Pace*, 544 U.S. at 417. Therefore, Mr. Ussery's petition is not eligible for statutory tolling.

Mr. Ussery argues that the Rule 37 court improperly construed his petition to

correct an illegal sentence as a Rule 37 petition. (Doc. No. 18 at 1.) He argues that "Joseph Lynn Vann" filed a motion to correct an illegal sentence in Crittenden County, Arkansas, and was allowed to bring the claim nine years after his judgment became final. (Doc. No. 18 at 1-2.) The Court is not aware of a case with Joseph Lynn Vann. Mr. Ussery is "presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003). As such, he must follow the Arkansas Rules of Criminal Procedure when filing a petition for post-conviction relief and he did not do so. Because his state collateral petition should have been filed as a Rule 37 petition under state law, and it was filed after the ninety-day limitations period, it was not properly filed. Since statutory tolling is not appropriate in this case, Mr. Ussery's petition for a writ of habeas corpus is untimely and should be denied.

III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the district court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Ussery has made a substantial showing of a denial of a constitutional right. Thus, the district court should not issue a certificate of appealability.

IV.     CONCLUSION

Mr. Ussery's petition for writ of habeas corpus (Doc. No. 2) is not timely and should be denied, dismissing this action in its entirety with prejudice. The district court should not issue a certificate of appealability.

IT IS SO ORDERED this 13th day of May, 2015.

_____
United States Magistrate Judge